PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FELIPE B. RIVERA, Defendant and Appellant.

No. 3384. Argued February 7, 1928.—Decided February 21, 1928.

*José R. Aponte* and *Buenaventura Esteves* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Felipe B. Rivera was charged before the district court of Arecibo with having wilfully, unlawfully, maliciously and criminally advised and induced Ramón Lamboy to set fire to a house owned by him in Hatillo for the purpose of destroying the house and defrauding its insurer, the Phoenix Insurance Company.

The case was tried to a jury who found the defendant guilty of an attempt to destroy fraudulently the insured property. On June 24, 1927, the court sentenced the defendant to two years at hard labor in the penitentiary and from that judgment he has taken the present appeal.

There are four errors assigned by appellant Felipe B. Rivera.

The first assignment of error is as follows:

"1.—The district court erred in denying to the defendant the right to challenge peremptorily one of the jurors before he had been sworn to pass on the cause."

It results from the stenographic transcript that the names of twelve jurors were drawn and that peremptory challenges to the number of five were made by the defense and by the prosecution; that the names of five other jurors were drawn who, like the others, were sworn as to their competency;

that two more peremptory challenges were made and then the judge of the court said:

"Judge.—It is understood that the jurors who have remained on the panel are accepted. The clerk will proceed to draw two more names."

The names were drawn and when the parties were given an opportunity to make peremptory challenges the attorney for the defendant said:

"Attorney Aponte.—Will the court allow me to make another peremptory challenge to one of the former jurors?
"Judge.—That is why the court warned the parties that the former jurors who had not been challenged were understood to have been accepted.
"Attorney Aponte.—The court can give the parties an opportunity to challenge any juror before he takes the final oath. They have not been sworn yet.
"District Attorney.—I object, because this jury has been impaneled on the basis that the jurors left on the panel without having been challenged were accepted by the parties, and I made my peremptory challenges on that basis. This is the rule that has been followed up to the present, and I do not see any reason why it should be changed in this case."

In connection with the same incident the judge decided:

"Judge.—The rule having been established by the court that the jurors who have been accepted by the parties, after the peremptory challenges, shall be understood as having been accepted to form the jury in this case, and as no reason whatever has been shown to justify at this stage the peremptory challenge of those jurors who have been accepted by the parties to form the jury to try this case, the motion of counsel for the defense is overruled.
"Attorney Aponte.—I take exception because the jurors have not been sworn to try this case and the defendant is deprived of a right."

As to the challenging of jurors, it is evident that when the matter is governed fully by statute the rules adopted by the courts can be effective only if they are in harmony with the statute. Section 221 of the Code of Criminal Procedure reads as follows:

"Sec. 221.—It must be taken when the juror appears, and before he is sworn to try the cause; but the court may for cause permit it to be taken after the juror is sworn and before the jury is completed."

It is evident that the law does not mean to restrict greatly the right to challenge which is related to the right of the defendant to a fair and impartial trial. Therefore the phrase "when the juror appears" can not be construed in the sense that the challenge must be made in the very act of his appearing, the more so in the case of a peremptory challenge which must be preceded by the challenge for cause.

The limitations set forth by the statute cited refer to making the challenge before swearing the jurors who will try the case and before the jury is completed.

In this case counsel for the defendant had made up to the time when the aforesaid incident occurred three peremptory challenges, and could make three more. He did not need to ask leave to challenge, for the jury had not been sworn to pass on the cause. The fact that the judge had said that it was understood that the jurors remaining on the panel were accepted is not sufficient to deprive the parties of their right to challenge, particularly when the parties had not agreed expressly to the opinion of the judge.

The right of the defendant to make the challenge desired by him is clear and to deprive him of it is an error reviewable on appeal.

It is unnecessary to consider the other errors assigned, for the error pointed out is sufficient for a reversal of the judgment.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.